UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERNEST TAYLOR,

        Petitioner,

vs.                              Case No. 2:10-cv-240-FtM-99DNF

SECRETARY, DOC, FLORIDA ATTORNEY GENERAL,

        Respondents.
_____/

**OPINION AND ORDER**

Petitioner Ernest Taylor ("Petitioner" or "Defendant"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on April 16, 2010.[1] The Petition herein challenges Petitioner's 1993 state court plea-based judgment of conviction for attempted second degree murder and possession of a firearm by a convicted felon that was entered in the Twentieth Judicial Circuit

---

[1] The Petition (Doc. #1) was filed in this Court on April 22, 2010, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Court, Lee County, Florida (case number 91-CF-2233).[2] In accordance with the plea agreement, Petitioner was sentenced to natural life in prison with a fifteen year minimum mandatory as a habitual felony offender on the charge of attempted second degree murder with a firearm (Exh. 4.) This sentence runs concurrently with Petitioner's sentence in case number 91-CF-2242.[3] The Petition sets forth one ground for relief based on "newly discovered evidence." Petition at 5. Essentially Petitioner argues that his *nolo contendere* plea was involuntary because trial counsel misadvised him that he was eligible for parole after serving fifteen years. Id. at 5.

### Procedural History

Petitioner entered his *nolo contedere* plea on October 22, 1993, and did not pursue a direct appeal. Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 on October 17, 1995[4] (Exh. 5.) The postconviction court denied the

---

[2]The Court will hereinafter refer to the exhibits filed in paper format by Respondent, which are referenced in and submitted in support of Respondent's Response to the Petition, (Doc. #13) as "Exh."

[3]Petitioner apparently plead to the attempted second degree murder as a habitual felony offender in exchange for the sentence in 91-2233 (the conviction at issue in the instant petition) and 91-2242 to run concurrently instead of consecutively. See Exh. 18 at 1.

[4]There is neither a prison date stamp on Petitioner's Rule 3.850 Motion, nor did Petitioner date the document when signed. See Exh. 9; see also supra fn. 1. Thus, the Court uses the date
(continued...)

motion on January 16, 1996 (Exh. 6.) The appellate court entered an order (Exh. 7) *per curiam* affirming the postconviction court's order on April 3, 1996, prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996. Taylor v. State, 673 So. 2d 39 (Fla. 2d DCA 1996). Petitioner filed no other postconviction motions until December 10, 2001,[2] when Petitioner filed his first Rule 3.800 motion to correct an illegal sentence (Exh. 9.) The circuit court denied the motion on April 11, 2002 (Exh. 11), and the appellate court *per curiam* affirmed on August 16, 2002 (Exh. 12.) Taylor v. State, 827 So. 2d 999 (Fla. 2d DCA 2002). Mandate issued on September 13, 2002 (Exh. 13.)

On July 25, 2005, Petitioner filed his second Rule 3.800 motion (Exh. 14.) The court summarily denied the motion on April 17, 2006 (Exh. 15.) Petitioner did not appeal this ruling (Exh. 16.) On July 23, 2006, Petitioner filed his third Rule 3.800 motion (Exh. 17) entitled "motion to vacate hibitual [sic] sentence as an illegal or unconstitutional sentence under rule 3.800(a)." The motion raised one claim for relief: the sentencing court erred in stating that Petitioner would be eligible for parole once he completed the minimum mandatary part of his habitual violent felony

---

[1](...continued)
filed in the State court as the filing date.

[2]There is neither a prison date stamp on Petitioner's Rule 3.850 Motion, nor did Petitioner date the document when signed. See Exh. 9; see also supra fn. 1. Thus, the Court uses the date filed in the court as the filing date.

-3-

offender sentence, and the fact that his sentence does not allow for parole renders the sentence unconstitutional and illegal. The court summarily denied the motion on June 4, 2007 (Exh. 18.) The court found Petitioner's allegation without merit and conclusively refuted by the record. Id. at 2 (citing sentencing transcript). The court further found that Fla. Stat. § 775.084(4)(e)(West 1991) provides that the "provisions of chapter 947 [Parole Commission] shall not be applied to such person." Additionally, the Court noted that Petitioner had previously raised the illegality of his habitual felony offender sentence in prior motions that were denied by the court. Id. The appellate court *per curiam* affirmed on October 19, 2007 (Exh. 20.) Mandate issued on November 9, 2007 (Exh. 21.)

Petitioner sought discretionary review in the Florida Supreme Court (Exh. 22.) On November 26, 2007, the court dismissed the petition for lack of jurisdiction (Exh. 23.) Taylor v. State, 973 So. 2d 1124 (Fla. 2007).

Petitioner next filed a second Rule 3.850 motion raising two grounds for relief based on "newly discovered evidence" (Exh. 24.) Petitioner argued: (1) that defense counsel misadvised him to enter the *nolo contendere* plea because he would be eligible for parole after 15 years; and, (2) the trial court fundamentally erred in sentencing him to life in prison for a second degree felony enhanced only by the habitual felony offender statute. Id.

Petitioner claimed that he did not know he was ineligible for parole until he received the court's June 6, 2007 order denying his July 26, 2006 postconviction motion. Id.

On July 16, 2008, the postconviction court summarily denied Petitioner's Rule 3.850 motion (Exh. 24.) In particular, the court found Petitioner's argument regarding the alleged newly discovered evidence to be disingenuous. Id. Specifically, the postconviction court found:

> In Defendant's July 26, 2006, 3.800(a) motion, Defendant alleged that the sentencing court erred in stating that Defendant would be eligible for parole once he completed the minimum mandatory part of his HVFO sentence, and the fact that his HFVO sentence does not allow for parole renders the sentence unconstitutional and illegal. The previous allegation raised July 26, 2006, shows that Defendant knew that he was not eligible for parole prior to the Court's June 6, 2007 Order, attached hereto.

Id. at 2.

## Analysis

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of

>direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondent's Response to Order to Show Cause (Doc. #11) at 8. Respondent submits exhibits in support of its Response (Doc. #12). Petitioner was given admonitions and a time frame to file a Reply to the Response. See Order of Court, Docs. #6. Petitioner, however, never filed a Reply. See docket.

Since Petitioner did not directly appeal his conviction, his state conviction became final on November 22, 1993 (after the thirty-day time period for filing an appeal expires). Consequently, Petitioner's conviction was final <u>before</u> the effective date of the one-year AEDPA's limitations period. Accordingly, the one-year limitations period in Petitioner's case did not start to run until April 24, 1996. <u>See</u> <u>Guenther v. Holt</u>, 173 F.3d 1328, 1331 (11th Cir. 1999)("For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996.")(citations omitted), <u>cert. denied</u>, 528 U.S. 1085 (2000). Thus, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **April 24, 1997**. The Petition, filed in this Court on **April 16, 2010**, would be untimely unless Petitioner could avail himself of one of the statutory provisions which extends or tolls the one-year time period.

Here, Petitioner filed his first motion for postconviction relief before AEDPA was enacted. Petitioner did not file any other motions for postconviction relief until well <u>after</u> the expiration of the federal one-year limitation period had expired. Consequently, the subsequent motions for postconviction relief filed by Petitioner, whether timely filed under Florida law or whether properly filed, are inconsequential for purposes of

determining the timeliness of the Petition *sub judice*. "Once the AEDPA's limitations period expires, it cannot be reinitiated." Davis v. McDonough, No. 8:03-CV-1807-T-27TBM, 2006 WL 2801986, *4 (M.D. Fla. Sept. 27, 2006)(citing Tinker v. Moore, 255 F.3d 1331, 1333-34 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)).

In attempt to circumvent the statute of limitations, Petitioner points to § 2244(d)(1)(D) and argues that he did not discover the factual predicate of his claim, i.e. that he was ineligible for parole, until June 4, 2007, after the postconviction court denied his motion. Petition at 13. Because Petitioner's postconviction motions remained pending from June 4, 2007 until December 14, 2009, Petitioner argues the instant Petition is timely under § 2244(d)(1)(D). Id.

Under § 2244(d)(1)(D), the one-year limitations period may run from the date on which, as a result of exercising due diligence, the petitioner could have discovered the factual predicate of the claim or claims presented. 28 U.S.C. § 2244(d)(1)(D). Here, the record conclusively refutes Petitioner's contentions. Petitioner was aware that he was ineligible for parole when he filed his first Rule 3.850 motion on October 17, 1995. Exh. 5 at 2. Thus, Petitioner's claim that he did not know he was ineligible for parole is not "newly" discovered evidence. Accordingly, Petitioner's argument that he is entitled to the time limitations set forth in § 2244(d)(1)(D) is unpersuasive. Therefore, the

instant Petition is time-barred under the applicable standard set forth in § 2244(d)(1)(A).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The case is **DISMISSED** with prejudice.

2. The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this 19 day of April, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record